UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERCY LEE RHODES,<br><br>   Plaintiff,<br><br>   v.<br><br>FRESNO COUNTY, et al.,<br><br>   Defendants. | Case No.: 1:15-cv-01714-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 1] |

Plaintiff Percy Lee Rhodes is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

1

do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff names the Fresno County Sheriff's Department, nurse Pat, nurse practitioner Vivian, registered nurse D. Lang, Margaret Mims, K. Nunez, and Jennifer Horton, as Defendants.

On July 20, 2014, at 7:00 p.m., blood was found in Plaintiff's foley catheter. At approximately 11:30 p.m. Plaintiff returned to the infirmary and blood tests confirmed that blood was leaking from Plaintiff's penis as well as his catheter. Nurse Vivian assured Plaintiff the matter would be taken care of.

On Wednesday at 6:00 p.m., Plaintiff was called back for a follow-up, and was advised by officer Her it would be a long time because the office was busy. Plaintiff had been bleeding now for almost forty-eight hours, and was forced to hold his urine and make bowel movements unscheduled and in his pants.

On Thursday at approximately 4:00 p.m., Plaintiff was unable to hold his urine and blood again filled his catheter. Plaintiff contacted officer Her who said he would contact medical staff, but medical staff never arrived to evaluate Plaintiff.

On Friday at approximately 5:15 p.m., Plaintiff was taken to the infirmary to see nurse practitioner Vivian[1] again who said we are not going to do anything until Plaintiff can see another physician on Monday.

On August 26, 2014, at approximately 4:00 p.m., nurse Pat attempted to remove Plaintiff's catheter after weeks of experiencing fevers, sweats, and burning, and Plaintiff was admitted to Community Medical Center. Nurse Pat could not remove Plaintiff's cathether at the Fresno County Jail.

After returning to the Fresno County Jail, medical staff did not follow Dr. Maxwell's notes and Plaintiff never received follow-up treatment.

On September 29, 2014, Plaintiff was transferred to Wasco State Prison, at which time he was very sick, weak and in severe pain.

From July 20, 2014 through August 26, 2014, Plaintiff continued to complain to medical staff of burning in his penis, bleeding, sweats, fever, chills, abdominal pain, as well as nausea and vomiting.

The medical report articulated at the Community Medical Center stated that Plaintiff was a 54 years old male, with a history of hypertension, schizophrenia, obstructive uropathy causing acute kidney injury and chronic foley (since early June), who presents with urinary retention for one month.

### III.

### DISCUSSION

**A.     Deliberate Indifference to Serious Medical Need**

"Claims by pretrial detainees [such as Plaintiff here] are analyzed under the Fourteenth Amendment Due Process Clause, rather than the Eighth Amendment [, which applies to prisoners in custody pursuant to a judgment of conviction]." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Where a plaintiff alleges inadequate medical care, however, "pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment, [so] we apply the same standards." Id.

---

[1] In the title portion of Plaintiff's complaint, Plaintiff refers to Defendant Vivian as a nurse practitioner then later refers to her as a physician. Based on Plaintiff's representation in the title portion, the Court presumes that Defendant Vivian is a nurse practitioner.

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Assuming Plaintiff was suffering a serious medical need during his detention at the Fresno County Jail, Plaintiff has failed to demonstrate that any named Defendant responded to the serious medical need with deliberate indifference.  Plaintiff contends that medical staff was deliberately indifferent to his medical needs and requests for medical treatment.  However, Plaintiff's allegations demonstrate that he was seen and treated by a nurse and sent to an outside hospital.  Plaintiff has simply failed to allege affirmative actions or omissions giving rise to a claim for deliberate indifference.  Plaintiff presents only vague and conclusory relating to his medical condition, and fails to set forth sufficient factual details to support a finding that any individual knew of and disregarded an excessive risk to his health and safety.  The sheer possibility that a defendant acted unlawfully falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678.  In addition, "the indifference to [an inmate's] medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action.'  Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980).  Furthermore, mere difference of opinion between a prisoner and prison medical staff as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim.  See Snow v.

McDaniel, 681 F.3d 978, 988 (9th Cir. 2012). Accordingly, Plaintiff fails to state a cognizable constitutional violation relating to his medical treatment.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff an amended civil rights complaint form;
2. Plaintiff's complaint, filed October 26, 2015, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

///

4.  If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **February 2, 2016**

UNITED STATES MAGISTRATE JUDGE

6