UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERCY LEE RHODES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FRESNO COUNTY, et al.,<br><br>　　　　Defendants. | Case No.: 1:15-cv-01714-SAB (PC)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO COMPLY WITH A COURT ORDER AND FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF Nos. 14, 15] |

　　　　Plaintiff Percy Lee Rhodes is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on October 26, 2015, and consented to magistrate judge jurisdiction on November 5, 2015. (ECF Nos. 1, 5.)

　　　　On February 2, 2016, the Court screened and dismissed the complaint with leave to amend for failure to state a cognizable claim for relief. (ECF No. 14.) Plaintiff failed to file an amended complaint or otherwise respond to the Court's order within the thirty day time frame, and on March 11, 2016, the Court directed Plaintiff to show cause within thirty days as to why the action should not be dismissed for failure to comply with a court order and failure to state a cognizable claim for relief. (ECF No. 15.) More than thirty days have since passed, and Plaintiff has not complied with or otherwise responded to the Court's order. As a result, there is no pleading on file which sets forth any claims upon which relief may be granted.

///

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. <u>Bautista v. Los Angeles Cnty.</u>, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." <u>In re Phenylpropanolamine (PPA) Prod. Liab. Litig.</u>, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. <u>Id.</u> (citation omitted).

Based on Plaintiff's failure to comply with or otherwise respond to the Court's order, the Court is left with no alternative but to dismiss the action for failure to state a cognizable claim for relief. <u>Id.</u> This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. <u>Id.</u> Accordingly, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is HEREBY DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under section 1983. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). <u>Coleman v. Tollefson</u>, __ U.S. __, __, 135 S.Ct. 1759, 1765 (2015).

IT IS SO ORDERED.

Dated:   **April 21, 2016**

UNITED STATES MAGISTRATE JUDGE