1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PERCY LEE RHODES, | ) Case No.: 1:15-cv-01714-SAB (PC) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER REQUIRING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT OR NOTIFY THE COURT OF INTENT TO PROCEED ON CLAIM FOUND TO BE COGNIZABLE** |
| FRESNO COUNTY, et al., | ) |
| Defendants. | ) [ECF No. 22] |
| | ) |

Plaintiff Percy Lee Rhodes is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on November 23, 2015. Local Rule 302.

Currently before the Court is Plaintiff's first amended complaint, filed on June 20, 2016, in response to the Court's February 2, 2016, screening order dismissing the original complaint with leave to amend.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by persons proceeding in pro per. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. §

1   1915(e)(2)(B)(ii).

2         A complaint must contain "a short and plain statement of the claim showing that the pleader is

3   entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

4   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

5   do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly,

6   550 U.S. 544, 555 (2007)).  Plaintiff must demonstrate that each named defendant personally

7   participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County,

8   Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

9         While persons proceeding pro se are still entitled to have their pleadings liberally construed

10  and to have any doubt resolved in their favor, the pleading standard is now higher, Wilhelm v.

11  Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's

12  claims must be facially plausible, which requires sufficient factual detail to allow the Court to

13  reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at

14  678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a

15  defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a

16  defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss,

17  572 F.3d at 969.

18  **II.**

19  **COMPLAINT ALLEGATIONS**

20        Plaintiff names nurse practitioner Vivian, nurse practitioner Pat, senior official L. Her,

21  registered nurse D. Lang, and lieutenant K. Nunez, as Defendants.

22        On July 21, 2014, at approximately 5:15 p.m., Plaintiff was taken to the infirmary to see nurse

23  practitioner Pat.  Pat told Plaintiff they were not going to do anything, not going to change or take out

24  the catheter until Plaintiff could see another physician.  Defendant Pat knew Plaintiff was injured,

25  knew he was bleeding, knew nurse Vivian injured him, and did nothing to stop the bleeding.

26        On July 28, 2014, nurse Vivian punched a hole internally causing bleeding.  Nurse Vivian

27  deprived Plaintiff of his constitutional rights when she injured Plaintiff and did nothing to stop the

28

bleedings which led to difficulty passing urine, infection, fevers, sweats, burning in penis, suprapubic abdominal pain, nausea and vomiting for weeks.

After returning from Community Medical Center to the Fresno County Jail, medical staff did not follow Doctor Shu's recommendations.

On July 29, 2014, at approximately 6:00 p.m., Plaintiff was called for follow-up and was advised by officer Her it would be a long time because the office was busy.  Plaintiff had been bleeding now for almost forty-eight hours and was forced to hold his urine and had to make bowel movements in his clothing.

On July 30, 2014, at approximately 4:00 p.m., Plaintiff was unable to hold his urine and blood again filled his catheter.  Plaintiff contacted officer Her who said he would contact medical staff, but medical staff never arrived to evaluate Plaintiff.

Registered Nurse D. Lang and Does One through Ten, knew Plaintiff was injured, knew about Dr. Shu's follow-up notes and failure to treat Plaintiff's condition could result in further significant injury, including death.

Lieutenant K. Nunez, knew Plaintiff was bleeding and ignored Plaintiff's requests for medical assistance.  Nunez denied Plaintiff's appeal grievance Log # 2014080034.

Captain Jennifer Horton knew that on August 26, 2014, nurse Vivian attempted to remove Plaintiff's catheter after weeks of experiencing pain, and Plaintiff was admitted to the emergency at Community Medical Center.  Nurse Vivian was unable to remove Plaintiff's catheter at the jail due to the level of pain Plaintiff was experiencing.  Defendant Horton knew about Plaintiff's medical condition, knew of his requests for medical assistance, and had knowledge of his inmate grievances, but failed to provide Plaintiff any medical assistance.

On September 29, 2014, Plaintiff was transferred to Wasco State Prison in severe pain.

### III.

### DISCUSSION

**A.  Deliberate Indifference to Serious Medical Need**

"Claims by pretrial detainees [such as Plaintiff here] are analyzed under the Fourteenth Amendment Due Process Clause, rather than the Eighth Amendment [, which applies to prisoners in

custody pursuant to a judgment of conviction]." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Where a plaintiff alleges inadequate medical care, however, "pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment, [so] we apply the same standards." Id.

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Based on the factual Plaintiff's allegations in the first amended complaint viewed in the light most favorable to him, Plaintiff states a cognizable claim for deliberate indifference to a serious medical need against Defendants Vivian, Nunez, and Horton. However, Plaintiff fails to state sufficient factual allegations to give rise to a claim for deliberate indifference against Defendants Pat and Her. With respect to Defendant Pat, Plaintiff contends that on July 21, 2014, Pat knew Plaintiff was injured from the actions taken by nurse Vivian; however, the allegations against nurse Vivian did not occur until July 28, 2014-seven days prior to the alleged actions taken by Defendant Pat. Thus, nurse Pat could not have known about Vivian's actions which had not yet taken place. With respect to officer Her, Plaintiff merely contends that on July 30, 2014, he requested medical attention and Her informed him that he would contact the medical staff, but medical staff never arrived. There are no allegations that officer Her in fact failed to contact medical staff; rather, Plaintiff contends that Her

4

informed him medical staff would be contacted, but never arrived.  If officer Her called medical staff but medical staff simply did not respond, Her could not have been deliberately indifferent to Plaintiff's medical needs.  Accordingly, based on the factual allegations presented in the first amended complaint, Plaintiff fails to state a cognizable claim against Defendant Her.  The Court will grant Plaintiff one additional opportunity to amend the complaint, if he feels he can do so in good faith.

**B.    Grievance Process**

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake."  Wilkinson v. Austin, 545 U.S. 209, 221 (2005).  Plaintiff does not a have protected liberty interest in the processing of his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

Here, the fact that certain individuals denied Plaintiff's grievance, alone, does not give rise to an independent claim.

**IV.**

**CONCLUSION AND ORDER**

Plaintiff's first amended complaint states a cognizable claim against Defendants Vivian, Nunez, and Horton for deliberate indifference to a serious medical need under the Fourteenth Amendment.  Plaintiff has not sufficiently alleged facts for any other claims against any of the other named Defendants.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the medical claim against Defendants Vivian, Nunez, and Horton, Plaintiff may so notify the Court in writing, and the Court will dismiss the other claims and Defendants, and will forward Plaintiff three (3) summons and three (3) USM-285 forms for completion and return.  Upon receipt of the forms, the

1    Court will direct the United States Marshal to initiate service of process.

2         If Plaintiff opts to amend, his amended complaint should be brief.  Fed. R. Civ. P. 8(a).

3    Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's

4    constitutional or other federal rights: "The inquiry into causation must be individualized and focus on

5    the duties and responsibilities of each individual defendant whose acts or omissions are alleged to

6    have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  With

7    respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they

8    are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a).  In other words, it is

9    not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because

10   at this stage Plaintiff's factual allegations will be accepted as true.

11        Although Plaintiff's factual allegations will be accepted as true and "the pleading standard

12   Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient

13   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v.

14   Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

15   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

16   the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly,

17   550 U.S. at 556).

18        Plaintiff is advised that an amended complaint supersedes the original complaint.  Forsyth v.

19   Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

20   The amended complaint must be "complete in itself without reference to the prior or superseded

21   pleading."  Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original

22   complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing

23   London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

24   In other words, even the claims that were properly stated in the original complaint must be completely

25   stated again in the amended complaint.  Finally, Plaintiff is advised that, should he choose to amend,

26   he may not bring unrelated claims in the same action.

27        Based on the foregoing, it is HEREBY ORDERED that:

28        1.    The Clerk's Office shall send Plaintiff an amended civil rights complaint form;

6

2.   Within thirty (30) days from the date of service of this order, Plaintiff must either:

    a.   File an amended complaint curing the deficiencies identified by the Court in this order, or

    b.   Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Vivian, Nunez, and Horton for deliberate indifference to a serious medical need; and

3.   If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **July 21, 2016**

UNITED STATES MAGISTRATE JUDGE