**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PERCY LEE RHODES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FRESNO COUNTY, et al.,<br><br>　　　　Defendants. | Case No.: 1:15-cv-01714-SAB (PC)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE THE ACTION<br><br>[ECF Nos. 29, 31] |

　　　　Plaintiff Percy Lee Rhodes is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on November 23, 2015.  Local Rule 302.

　　　　On December 8, 2016, the Court screening Plaintiff's second amended complaint and ordered Plaintiff to either file a third amended complaint or notify the Court of his willingness to proceed only on the claims found to be cognizable, within thirty days.  28 U.S.C. § 1915A; 28 U.S.C. § 1915(e). Plaintiff was warned that if he failed to comply, this action would be dismissed, without prejudice, for failure to obey a court order.  Plaintiff failed to respond to the Court's order.

　　　　Therefore, on January 18, 2017, the Court ordered Plaintiff to show cause within twenty days as to why the action should not be dismissed.  More than twenty days have passed, and Plaintiff has not complied with or otherwise responded to the order.

///

1

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. <u>Bautista v. Los Angeles Cnty.</u>, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." <u>In re Phenylpropanolamine (PPA) Prod. Liab. Litig.</u>, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. <u>Id.</u> (citation omitted).

Based on Plaintiff's failure to comply with or otherwise respond to the Court's order, the Court is left with no alternative but to dismiss the action for failure to prosecute. <u>Id.</u> This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. <u>Id.</u> Accordingly, this action is HEREBY DISMISSED, without prejudice, for failure to obey a court order and failure to prosecute.

IT IS SO ORDERED.

Dated:   **February 14, 2017**

UNITED STATES MAGISTRATE JUDGE