# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERCY LEE RHODES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FRESNO COUNTY, et al.,<br><br>　　　　Defendants. | Case No.: 1:15-cv-01714-SAB (PC)<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE AND COMPLY WITH A COURT ORDER<br><br>[ECF No. 37] |

Plaintiff Percy Lee Rhodes is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on November 23, 2015. Local Rule 302.

## I.
## PROCEDURAL HISTORY

This case has a rather lengthy procedural history given Plaintiff's repeated failure to timely respond to the Court's orders.

Plaintiff filed the instant action on October 26, 2015, in the United States District Court for the Eastern District of California, Sacramento Division. On November 23, 2015, the action was transferred to the Fresno Division.

On February 2, 2016, the Court dismissed Plaintiff's complaint with leave to amend for failure to state a cognizable claim for relief. (ECF No. 14.) Plaintiff failed to file an amended complaint

1

within thirty days and an order to show cause why the action should not be dismissed was issued on March 11, 2016. (ECF No. 15.) Plaintiff failed to respond to the Court's order to show within thirty days, and the action was dismissed on April 21, 2016 and judgment was entered. (ECF Nos. 16 & 17.)

On April 29, 2016, Plaintiff filed a motion for an extension of time to file an amended complaint. (ECF No. 18.) After reviewing Plaintiff's motion and on the basis of good cause, the Court vacated the judgment entered on April 21, 2016, and granted Plaintiff thirty days to file an amended complaint. (ECF No. 19.)

After receiving an extension of time, Plaintiff filed a first amended complaint on June 20, 2016. (ECF No. 22.) On July 22, 2016, the Court screened the first amended complaint and ordered Plaintiff to file a second amended complaint or notify the Court of his intent to proceed only on the claim found to be cognizable. (ECF No. 23.) Plaintiff filed a second amended complaint on August 17, 2016. (ECF No. 25.) On December 18, 2016, the Court screened the second amended complaint and ordered Plaintiff to file a third amended complaint or notify the Court of his intent to proceed only on the claims found to be cognizable. (ECF No. 29.) Plaintiff failed to respond to the Court's order. Therefore, on January 18, 2017, the Court ordered Plaintiff to show cause within twenty days as to why the action should not be dismissed. After more than twenty days passed and Plaintiff failed to comply with or otherwise responded to the order, the Court dismissed the action for failure to prosecute on February 14, 2017, and judgment was entered. (ECF Nos. 33 & 34.)

However, the February 14, 2017 dismissal order crossed in the mail with Plaintiff's response to the order to show cause bearing a February 3, 2017 signature date, which was filed on February 14, 2017. (ECF No. 32.) In his response to the order to show cause, Plaintiff claimed that he never received the Court's December 8, 2016, order screening his second amended complaint because he was incarcerated in Los Angeles. Plaintiff stated that he intended to file a response to the Court's screening order; however, he was in need of a copy of his second amended complaint and a copy of the Court's December 8, 2016, screening order.

On February 15, 2017, the Court vacated the order of dismissal, and granted Plaintiff thirty days to comply with the Court's December 8, 2016, screening order. The Court noted that it would "excuse Plaintiff's late filing in this instance, however, Plaintiff is advised that it is his duty to

promptly inform the Court in writing of any change of address and to timely respond to any and all orders. Local Rule 110 & 182(f). As Plaintiff has previously been advised, the failure to respond to the Court's orders and failure to show good cause in the future will result in dismissal of the action." (Order at 2:8-12, ECF No. 35.)

On March 13, 2017, Plaintiff notified the Court of his intent to proceed only on the claims found to be cognizable. (ECF No. 36.) On March 16, 2017, the Court found service of the second amended complaint appropriate as to Defendants Vivian, L. Her, Pat Alexander, K. Nunez, Jennifer Horton, Dr. Ravijot Gill and Laure Rodriguez for deliberate indifference to a serious medical need. (ECF No. 37.) The Court dismissed all other claims and Defendants from the action, and forwarded Plaintiff the necessary service of process forms for completion and return within thirty (30) days. (Id.) More than thirty days have passed and Plaintiff has failed to comply or otherwise respond to the Court's March 16, 2017, order. Accordingly, the Court must again order Plaintiff to show cause why the action should not be dismissed for failure to comply with a court order. Plaintiff's repeated failure to respond to the Court's orders and orders to show cause have drained a substantial amount of judicial resources for this action which has been pending since October 2015. The Court has attempted to cure Plaintiff's repeated failures to comply with court orders, yet Plaintiff has continued to fail to timely respond to court orders. <u>Plaintiff is advised that failure to file a *timely* written response to this order will be deemed an admission that Plaintiff does not intend to prosecute this action, and the case will be dismissed without prejudice</u>. Fed. R. Civ. P. 41(b); Local Rule 110.

///
///
///
///
///
///
///
///
///

Based on the foregoing, it is HEREBY ORDERED that:

1. Within fourteen (14) days from the date of service of this order, Plaintiff shall show cause why the action should not be dismissed for failure to comply with the Court's March 16, 2017, order; and

2. Failure to timely comply with this order will result in dismissal of the action for failure to prosecute. Fed. R. Civ. P. 41(b); Local Rule 110.

IT IS SO ORDERED.

Dated: **May 1, 2017**

UNITED STATES MAGISTRATE JUDGE