UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERCY LEE RHODES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FRESNO COUNTY, et al.,<br><br>　　　　Defendants. | Case No.: 1:15-cv-01714-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF AND REQUEST FOR JUDICIAL NOTICE<br><br>[ECF Nos. 42, 44] |

Plaintiff Percy Lee Rhodes is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on November 23, 2015. Local Rule 302.

On May 23, 2017, Plaintiff filed a motion for injunctive relief. On May 26, 2017, Plaintiff filed a request for judicial notice.

In both his request for injunctive relief and judicial notice, Plaintiff contends that officials at the Los Angeles County Sheriff's Department, where is presently incarcerated, have denied, delayed and prohibited him from receiving his legal mail from this Court.

The purpose of a temporary restraining order or a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction [or

1

temporary restraining order] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a temporary restraining order or preliminary injunction simply cannot prevail when that motion is unsupported by evidence.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95 102 (1983); Valley Forge Christian Coll. V. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Plaintiff fails to provide a sufficient basis to warrant injunctive relief regarding receipt of his legal mail. This action is proceeding on Plaintiff's claim of deliberate indifference to a serious medical need while Plaintiff was incarcerated at the Fresno County Jail, and no Defendant has yet been served or appeared in this action. Plaintiff has failed to demonstrate immediate threatened injury which is a prerequisite to preliminary injunctive relief. Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988). Furthermore, the Court has no jurisdiction over individuals at the Los Angeles County Sheriff's Department. See Rhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1991) ("Personal jurisdiction, too, is an essential element of the jurisdiction of a district … court, without which the court is powerless to proceed to an adjudication.") Because Plaintiff has failed to meet his

burden of demonstrating that irreparable injury is likely in the absence of an injunction, Plaintiff's motion for a preliminary injunction must be denied.

IT IS SO ORDERED.

Dated: __**May 30, 2017**__

UNITED STATES MAGISTRATE JUDGE