# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERCY LEE RHODES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FRESNO COUNTY, et al.,<br><br>　　　　Defendants. | Case No.: 1:15-cv-01714-SAB (PC)<br><br>ORDER TO SHOW CAUSE WHY DEFENDANT LAURE RODRIGUEZ SHOULD NOT BE DISMISSED PURSUANT TO RULE 4(M) OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>[ECF No. 54] |

Plaintiff Percy Lee Rhodes is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on November 23, 2015. Local Rule 302.

This action is proceeding on against Defendants Vivian, L. Her, Pat Alexander, K. Nunez, Jennifer Horton, Dr. Ravijot Gill and Laure Rodriguez for deliberate indifference to a serious medical need, in violation of the Eighth Amendment of the United States Constitution.

The United States Marshal was not able to locate or identify Defendant Laure Rodriguez and service was returned un-executed on August 14, 2017.

///

///

///

///

1

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ." Walker, 14 F.3d at 1422 (internal quotations and citation omitted). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

At this juncture, the United States Marshal's office has exhausted the avenues available to it in attempting to locate and serve Defendant Laure Rodriguez.[1] Walker, 14 F.3d at 1421-22. Plaintiff shall be provided with an opportunity to show cause why Defendant Rodriguez should not be dismissed. Fed. R. Civ. P. 4(m). If Plaintiff either fails to respond to this order or responds but fails to show cause, Defendant Rodriguez shall be dismissed from this action.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendant Rodriguez should not be dismissed from this action; and

---

[1] The marshal's office sought assistance from Lieutenant Porter at the Fresno County Sheriff's Office who indicated that they do not have a Laure Rodriguez working for them. They do not have a forwarding address and will not accept service. (ECF No. 54.)

2. The failure to respond to this order or the failure to show cause will result in the dismissal of Defendant Rodriguez from this action.

IT IS SO ORDERED.

Dated: **August 16, 2017**

_____
UNITED STATES MAGISTRATE JUDGE