# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERCY LEE RHODES, | Case No.: 1:15-cv-01714-SAB (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A UNITED STATES DISTRICT JUDGE |
| v. | |
| FRESNO COUNTY, et al., | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| Defendants. | |
| | [ECF Nos. 25, 29, 36, 37] |

Plaintiff Percy Lee Rhodes is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff consented to United States Magistrate Judge jurisdiction on November 5, 2015. (ECF No. 5.) To date, the Defendants who have appeared in the action have not consented or declined to United States Magistrate Judge jurisdiction.

On December 8, 2016, the Court screened Plaintiff's second amended complaint and found that it stated a cognizable claim against Defendants Vivian, L. Her, Pat Alexander, K. Nunez, Jennifer Horton, Dr. Ravijot Gill and Laure Rodriguez for deliberate indifference to a serious medical need under the Fourteenth Amendment. (ECF No. 29.) However, the Court found that Plaintiff failed to state any other cognizable claim against any other Defendants. (Id.) Plaintiff was directed to either file a third amended complaint or notify the Court of his intent to proceed only on the claims found to be cognizable. (Id.)

1

On March 13, 2017, Plaintiff notified the Court of his intent to proceed only on the claims found to be cognizable. (ECF No. 36.) Therefore, on March 16, 2017, the Court found that service was appropriate as to Defendants Vivian, L. Her, Pat Alexander, K. Nunez, Jennifer Horton, Dr. Ravijot Gill and Laure Rodriguez for deliberate indifference to a serious medical need under the Fourteenth Amendment. (ECF No. 37.) The Court dismissed all other claims and Defendants for failure to state a cognizable claim for relief. (Id.) The Court indicated that jurisdiction existed under 28 U.S.C. § 636(c) based on the fact that Plaintiff had consented to Magistrate Judge jurisdiction and no other parties had yet appeared. (Id.)

On November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a Magistrate Judge to dispose of a civil case. Williams v. King, __ F.3d __, Case No. 15-15259, 2017 WL 5180205, *3 (9th Cir. Nov. 9, 2017). Accordingly, the Court did not have jurisdiction to dismiss the claims and Defendants in its March 16, 2017 order.

Based upon the foregoing, the undersigned will now recommend to the District Judge that this case continue to proceed only on Plaintiff's cognizable claims, and that the claims and Defendants described below be dismissed, for the reasons explained herein.

# I.

# SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally

participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

In the second amended complaint, Plaintiff names Nurse Vivian, Nurse Practitioner Pat Alexander, Captain Jennifer Horton, Lieutenant K. Nunez, Senior Official L. Her, Registered Nurse D. Lang, Dr. Ravijot Gill, Licensed Vocational Nurse Laure Rodriguez, and Does 1 to 10, as Defendants.

Plaintiff alleges as follows. On July 28, 2014, at approximately 5:00 p.m., Nurse Vivian, while reading instructions from a book to change Plaintiff's foley catheter with foley insertion by hand punched a hole internally causing him to bleed. Defendant Nurse Vivian did nothing to stop the bleeding which led to difficulty passing urine, infection, weeks of fevers, sweats, burning in penis, abdominal pain, nausea and vomiting three times a day.

Nurse Vivian denied, delayed, and prohibited Plaintiff's serious medical needs causing him unnecessary pain and suffering and proximate cause of his injury sustained. Nurse Vivian ignored Plaintiff's cry for help and knew Plaintiff was injured when he jumped from the injury and the pain from the foley insertion.

On July 29, 2014, at approximately 6:00 p.m., Defendant Senior Official L. Her called Plaintiff back for a follow-up and was advised by officer Her it would be a long time because the office was

3

busy. Plaintiff had been bleeding now for almost twenty-eight hours, and was forced to hold his urine and make bowel movements unscheduled and in his clothing.

On July 30, 2014, at approximately 4:00 p.m., Plaintiff was unable to hold his urine and blood again filled his catheter. Plaintiff contacted Senior Official L. Her who said he would help but failed to do so. Defendant Officer L. Her knew about Plaintiff's injury, saw the blood in his catheter, knew he was bleeding, knew his catheter was not working, knew Plaintiff was unable to hold his urine and make bowel movements unscheduled and in his clothing.

On July 31, 2014, at approximately 5:00 p.m., Plaintiff was taken to the infirmary to see Nurse Practitioner Pat Alexander, who said we are not going to do anything until Plaintiff could see another physician in three days.

Defendant Registered Nurse D. Lang, knew about Plaintiff's serious medical needs, knew about Dr. Eileen Shu's follow-up recommendations after Plaintiff was released from Community Medical Center, and knew of Plaintiff's symptoms yet failed to follow Dr. Shu's recommendations. On September 29, 2014, Plaintiff was transferred to Wasco State Prison, at which time he was very sick, weak, and in severe pain. There was no follow-up treatment provided from August 26, 2014 through September 29, 2014.

Defendant Lieutenant K. Nunez knew Plaintiff filed a request to see a doctor for his injuries suffered to Corizon Health Care Services under Log # 1433440. Defendant K. Nunez failed to assist Plaintiff in obtaining medical treatment.

Defendant Captain Jennifer Horton knew that on or about August 16, 2014, Nurse Vivian attempted to remove Plaintiff's catheter. Defendant Captain Jennifer Horton knew about Plaintiff's grievance request Log # 2014080034 requesting medical services, yet failed to provide assistance.

Defendants Does 1 through 10 and Dr. Gill knew Plaintiff had prior kidney/bladder failure due to infection. On August 26, 2014, Dr. Gill knew Plaintiff was in need of emergency medical services but failed to provide such assistance. Plaintiff requested medical treatment under Corizon Health Care Services from September 2, 2014 to September 29, 2014, but his requests were ignored.

///

///

4

Defendants Does 1 through 10 and Licensed Vocational Nurse Laure Rodriguez knew Plaintiff requested medical health services follow-up treatment medication due to her documentation on a clinic encounter form on September 2, 2014, at two separate times.

Plaintiff seeks declaratory judgment and monetary damages.

## IV.

## DISCUSSION

### A. Deliberate Indifference to Serious Medical Need

"Claims by pretrial detainees [such as Plaintiff here] are analyzed under the Fourteenth Amendment Due Process Clause, rather than the Eighth Amendment [, which applies to prisoners in custody pursuant to a judgment of conviction]." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Where a plaintiff alleges inadequate medical care, however, "pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment, [so] we apply the same standards." Id.

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

///

///

5

Based on the factual Plaintiff's allegations in the second amended complaint viewed in the light most favorable to him, Plaintiff states a cognizable claim for deliberate indifference to a serious medical need against Defendants Vivian, L. Her, Pat Alexander, K. Nunez, Jennifer Horton, Dr. Ravijot Gill and Laure Rodriguez.

### B. Defendant Registered Nurse D. Lang

Plaintiff's allegations fail to give rise to a cognizable claim against Defendant Registered Nurse D. Lang. With regard to D. Lang, Plaintiff merely alleges that he knew about Plaintiff's serious medical needs and knew of Dr. Shu's follow-up recommendation but failed to provide treatment. Plaintiff's allegations are nothing more than mere conclusory assertions devoid of sufficient factual support to support a plausible inference of D. Lang's specific knowledge of Plaintiff's medical condition. Accordingly, Plaintiff fails to state a cognizable claim against Registered Nurse D. Lang.

### C. Doe Defendants 1 Through 10

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012) (citing Graham v. Connor, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

In the second amended complaint, Plaintiff names Does 1 to 10 as Defendants, but fails to link those individuals to any affirmative act or omission giving rise to the alleged constitutional violation. Accordingly, Plaintiff fails to state a cognizable claim against Does 1 through 10.

///
///
///

### D. Declaratory Judgment

Plaintiff seeks a declaratory judgment that his Eighth Amendment rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any Defendant violated Plaintiff's rights is unnecessary and this action shall proceed for monetary damages.

## IV.
## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed against Defendants Vivian, L. Her, Pat Alexander, K. Nunez, Jennifer Horton, Dr. Ravijot Gill and Laure Rodriguez for deliberate indifference to a serious medical need under the Fourteenth Amendment;

2. All other claims and Defendants be dismissed from the action for failure to state a cognizable claim for relief; and

3. The Office of the Clerk is directed to randomly assign this matter to a United States District Judge.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time

///

///

may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**November 30, 2017**__     _____
UNITED STATES MAGISTRATE JUDGE