UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERCY LEE RHODES,<br><br>    Plaintiff,<br><br>    v.<br><br>FRESNO COUNTY, et al.,<br><br>    Defendants. | No. 1:15-cv-01714-DAD-SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING CERTAIN CLAIMS AND DEFENDANTS<br><br>(Doc. No. 71) |

Plaintiff Percy Lee Rhodes is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), plaintiff consented to magistrate judge jurisdiction on November 23, 2015. (Doc. No. 11.) To date, the served defendants have not consented or declined magistrate judge jurisdiction.

On December 8, 2016, the magistrate judge issued a screening order concerning plaintiff's second amended complaint, finding that it stated a cognizable claim against defendants Vivian, L. Her, Pat Alexander, K. Nunez, Jennifer Horton, Dr. Ravijot Gill, and Laure Rodriguez for deliberate indifference to a serious medical need under the Fourteenth Amendment. (Doc. No. 29.) However, the magistrate judge also concluded plaintiff failed to state any other cognizable claim against any other defendants. (*Id*.) Plaintiff was directed to either file a third amended complaint or notify the court of his intent to proceed only on the claims found to be cognizable. (*Id*.) On March 13, 2017, plaintiff notified the court of his intent to proceed only on the claims

1

found to be cognizable. (Doc. No. 36.) Therefore, on March 16, 2017, the magistrate judge found that service was appropriate as to defendants Vivian, L. Her, Pat Alexander, K. Nunez, Jennifer Horton, Dr. Ravijot Gill and Laure Rodriguez for deliberate indifference to a serious medical need under the Fourteenth Amendment. (Doc. No. 37.) The magistrate judge also dismissed all other claims and defendants for failure to state a cognizable claim for relief. (*Id.*) The magistrate judge indicated that jurisdiction existed under 28 U.S.C. § 636(c) to dismiss those claims by order based on the fact that plaintiff had consented to magistrate judge jurisdiction and no other parties had yet appeared. (*Id.*)

However, on November 9, 2017, the Ninth Circuit Court of Appeals held that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a magistrate judge to dispose of a civil case. *Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017). Accordingly, the magistrate judge did not have jurisdiction to dismiss the above-described claims in the March 16, 2017 order. Therefore, on December 1, 2017, the magistrate judge issued findings and recommendations recommending that this action shall proceed against defendants Vivian, L. Her, Pat Alexander, K. Nunez, Jennifer Horton, Dr. Ravijot Gill and Laure Rodriguez for deliberate indifference to a serious medical need under the Fourteenth Amendment, and all other claims and defendants be dismissed for failure to state a cognizable claim. (Doc. No. 71.) The findings and recommendations were served on the parties and contained notice that objections were to be filed within fourteen days. No objections were filed and the time period in which to do so has expired.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the undersigned has conducted a de novo review of plaintiff's case. The undersigned concludes the findings and recommendations are supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations issued December 1, 2017 (Doc. No. 71) are adopted in full;
2. This action shall continue to proceed against defendants Vivian, L. Her, Pat Alexander, K. Nunez, Jennifer Horton, Dr. Ravijot Gill, and Laure Rodriguez for deliberate indifference

1 | to a serious medical need under the Fourteenth Amendment; and
2 | 3. All other claims and defendants are dismissed from the action for failure to state a cognizable claim for relief.

IT IS SO ORDERED.

Dated: **January 7, 2018**

_____
UNITED STATES DISTRICT JUDGE