# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERCY LEE RHODES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FRESNO COUNTY, et al.,<br><br>　　　　　Defendants. | Case No. 1:15-cv-01714-DAD-SAB (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S DEPOSITION AND GRANTING REQUEST FOR EXPENSES<br><br>[ECF No. 86] |

　　　Plaintiff Percy Lee Rhodes is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　Currently before the Court is Defendants' motion to compel and request for expenses, filed June 6, 2018.

## I.

## RELEVANT HISTORY

　　　This action is proceeding against Defendants Captain Jennifer Horton, K. Nunez, Officer L. Her, Vivien Tagoe, R.N., Pat Alexander, N.P., and R. Gill, M.D. for deliberate indifference to a serious medical need.

　　　Defendants have filed an answer to the complaint, and on October 5, 2017, the Court issued the discovery and scheduling order.

As previously stated, on June 6, 2018, Defendants filed a motion to compel Plaintiff's deposition and request for expenses. Plaintiff did not file an opposition and the time period to do so has expired. Local Rule 230(l). Accordingly, Defendants' motion is deemed submitted for review without oral argument. (Id.)

## II.

## DISCUSSION

Pursuant to the discovery and scheduling order, Defendants are entitled to depose Plaintiff so long as they serve, by mail, a notice in compliance with Rule 30 at least fourteen days before the deposition. Fed. R. Civ. P. 5(b)(2)(C), 30(b)(1). (ECF No. 67.) On May 16, 2018, Defendants called Plaintiff to discuss his availability for deposition. (Chung Declaration (Decl.) ¶ 3, ECF No. 86-1.) Plaintiff stated that he needed to check his schedule, and it agreed the parties would confer the next day. (Id.) On May 17, 2018, Plaintiff confirmed that he could appear on June 4, 2018, and agreed to set his deposition in Los Angeles, where he resides. (Id.) That same day, Defendants served Plaintiff a notice setting his deposition for June 4, 2018 at 11:00 a.m. (Id., Ex. A.) No objections to the deposition notice was received by Defendants. (Id.)

Defense counsel flew from Oakland to Los Angeles on June 3, 2018 and spent the night at a hotel near the deposition location. (Chang Decl. ¶ 4.) The next day, a court report and counsel waited for Plaintiff at the deposition location. (Chang Decl. ¶ 5, Ex. B.) At about 11:26 a.m., counsel twice attempted to contact Plaintiff telephonically, but the calls were ended. (Chang Decl. ¶ 5.) Counsel confirmed that no one at her office or at the front desk of the deposition location had been contacted by Plaintiff. (Id.) Counsel advised Plaintiff via text message that if he did not appear, a motion to compel and for sanctions would be filed. (Id.) Defendants did not receive a response. (Id.) At 12:03 p.m., counsel suspended the deposition due to Plaintiff's nonappearance. (Id.)

Defendants are entitled to depose Plaintiff, within the parameters of the Federal Rules of Civil Procedure and orders of the Court. Fed. R. Civ. P. 30; ECF No. 67, Disc. & Sched. Order. The Court finds that Defendants have meet their initial burden as the party moving for relief. Fed. R. Civ. P. 37(a). Plaintiff failed to respond to the motion and it is clear he failed to appear for the properly noticed deposition on June 4, 2018. Thus, Defendants' motion to compel must be granted.

2

If a motion to compel is granted, the Court shall require the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion. Fed. R. Civ. P. 37(a)(5)(A) (quotation marks omitted). Defendants move for expenses incurred in filing the instant motion to compel in the amount of $3,942.74. Defendants submit they have incurred the following costs and fees based on Plaintiff's failure to appear and testify: (1) $315.96 (flight); (2) $25.65 (transportation between the airport and hotel); (3) $165.58 (hotel); (4) $35.56 (airport parking); (5) $100.00 (estimated conference room reservation fee); (6) $300.00 (estimated court reporter's fee and affidavit of non-appearance costs); (7) $2,125.00 (fees associated with 8.5 hours travel to/from the deposition and time spent waiting for Plaintiff to appear)[1]; and (8) $875.00 (3.5 hours spent working on this accompanying motion and declaration, finding documentation to calculate the above costs, and completing research). (Chang Decl. ¶ 7.) Because Plaintiff failed to appear at his properly noticed deposition and has not responded to the instant motion to compel, the Court will assess the fees of $3,942.74. Plaintiff is cautioned that his failure to attend a future noticed deposition by Defendants can and will result in further monetary sanctions, as well as dismissal of the action, with prejudice.

## III.

## ORDER

Based on the foregoing, the Court HEREBY ORDERS as follows:

1. Defendants' motion to compel Plaintiff's deposition, filed on June 6, 2018, is GRANTED, and Plaintiff is assessed the cost of $542.75;
2. The discovery deadline is extended to **September 7, 2018** to facilitate re-noticing Plaintiff's deposition and moving for further relief if necessary;
3. Plaintiff shall pay $3, 942.74 in fees on or before **October 29, 2018**;
4. The dispositive motion deadline is extended to **November 7, 2018**; and
5. If Plaintiff fails to either appear for the deposition as scheduled or contact Defendants' counsel in advance of the deposition to communicate any issues with his ability to

---

[1] This calculation is based at a rate of $250.00 per hour.

comply will result in the imposition of sanctions, up to and including dismissal of the action, with prejudice.

IT IS SO ORDERED.

Dated: __**July 20, 2018**__

_____
UNITED STATES MAGISTRATE JUDGE