| | |
|---|---|
| PERCY LEE RHODES,<br><br>    Plaintiff,<br><br> v.<br><br>FRESNO COUNTY, et al.,<br><br>    Defendants. | Case No. 1:15-cv-01714-DAD-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REOPEN CASE<br><br>(ECF No. 93) |

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

On October 25, 2015, Plaintiff Percy Lee Rhodes filed the instant action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On August 20, 2018, Plaintiff filed a notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a). (ECF No. 89.) Defendants filed a statement of non-opposition to Plaintiff's request for dismissal. (ECF No. 91.) On August 28, 2018, the Court issued an order directing the Clerk of Court to close this case pursuant to the parties' stipulation for voluntary dismissal, and this case was closed the same day. (ECF No. 92.)

Currently before the Court is Plaintiff's motion to reopen case under Federal Rule of Civil Procedure 60(b), filed on July 26, 2019. (ECF No. 93.) Plaintiff contends that this case should be reopened because Plaintiff is still suffering from his injury and has been referred to Ambati Narayana, M.D. for "cystoscopy and treatment," "cystoscopy and revise uret," and "prostatectomy (TURP)." (Id.) Further, Plaintiff argues that he has newly discovered evidence that, with reasonable diligence, could not have been discovered in time for trial under rule 59(b) and that

1

Defendants will not suffer any prejudice if the case is reopened.

A voluntary dismissal is a judgment, order, or proceeding from which Rule 60(b) relief can be granted. In re Hunter, 66 F.3d 1002, 1004-05 (9th Cir. 1995). Under Rule 60(b), a court may relieve a party from a final judgment or order if the moving party can show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

First, Plaintiff argues that this case should be reopened because he has newly discovered evidence. Under Rule 60(b)(2), a party may obtain relief from judgment where there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)[.]" Fed. R. Civ. P. 60(b)(2). "Relief from judgment on the basis of newly discovered evidence is warranted if (1) the moving party can show the evidence relied on in fact constitutes 'newly discovered evidence' within the meaning of Rule 60(b); (2) the moving party exercised due diligence to discover this evidence; and (3) the newly discovered evidence must be of 'such magnitude that production of it earlier would have been likely to change the disposition of the case.'" Feature Realty, Inc. v. City of Spokane, 331 F.3d 1082, 1093 (9th Cir. 2003) (citation omitted).

In this case, while Plaintiff asserted that he has newly discovered evidence that, with reasonable diligence, could not have been discovered in time for trial under Rule 59(b), Plaintiff has failed to identify what the newly discovered evidence is and that he exercised reasonable diligence. Further, Plaintiff has not demonstrated that his newly discovered evidence is of "such magnitude that production of it earlier would have been likely to change the disposition of the case." Feature Realty, Inc., 331 F.3d at 1093. Therefore, Plaintiff's request for relief from the voluntary dismissal pursuant to Rule 60(b)(2) is denied.

Second, Plaintiff argues that this case should be reopened because he is "yet suffering from his injury and has been referred" to a doctor for specified medical services, which the Court interprets as a request for relief pursuant to Rule 60(b)(6), the "so-called catch-all provision" of

Rule 60(b).  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008).  "A party moving for relief under Rule 60(b)(6) 'must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion.'"  Id. (citation omitted).  Rule 60(b)(6) "is to be 'used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'"  Id. (citation omitted).

In this case, Plaintiff has not provided the Court with any evidence demonstrating that the voluntary dismissal of this case was due to any circumstances beyond his control.  Therefore, Plaintiff's request for relief from the voluntary dismissal pursuant to Rule 60(b)(6) is denied.

Accordingly, Plaintiff's motion to reopen case under Rule 60(b), (ECF No. 93), is HEREBY DENIED.

IT IS SO ORDERED.

Dated:  **July 31, 2019**

_____
UNITED STATES MAGISTRATE JUDGE